Robert E. CLAYTON; Mai Nguyen, Petitioners–Appellants,

v.

COMMISSIONER of INTERNAL REVENUE, Respondent– Appellee.

No. 12–73904.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 3, 2014.

Robert E. Clayton, Sacramento, CA, pro se.

Mai Nguyen, Sacramento, CA, pro se.

Janet A. Bradley, Esquire, John A. Di-Cicco, Acting Assistant Attorney General, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, DOJ–U.S. Department of Justice, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Robert Clayton and Mai Nguyen appeal pro se from the Tax Court's decision, after a bench trial, upholding the Commissioner of Internal Revenue's determination of an income tax deficiency for tax year 2008. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions and for clear error its findings of fact. *Johanson v. Comm'r,* 541 F.3d 973, 976 (9th Cir.2008). We affirm.

The Tax Court properly upheld the Commissioner's determination of deficiencies because appellants failed to establish that they met the requirements of § 501(d), where they presented no evidence that their organization had a common or community treasury of which members were paid a pro rata share. *See* 26 U.S.C. § 501(d); *Kleinsasser v. United States,* 707 F.2d 1024, 1029 (9th Cir.1983) ("The only requirements for the exemption are that there be a common treasury, that the members of the organization include pro rata shares of organization income when reporting taxable income and, implicitly, that the organization have a religious or apostolic character."); *see also Davis v. Comm'r,* 394 F.3d 1294, 1298 n. 2 (9th Cir.2005) ("The taxpayer bears the burden of showing that he or she meets every condition of a tax exemption or deduction.").

The Tax Court did not abuse its discretion by denying appellants' motion to vacate. *See Thomas v. Lewis,* 945 F.2d 1119, 1123–24 (9th Cir.1991) (setting forth standard of review and determining that the denial of a motion to vacate was not an abuse of discretion where moving party provided no basis for vacating earlier order).

We reject as without merit appellants' contentions regarding alleged First Amendment violations.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.